UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

Case No:

GEORGE EAST, on behalf of himself and all others
similarly situated,

    Plaintiff,

v.

NATIONAL PROCESSING ALLIANCE, INC.,
a Foreign Profit Corporation

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff George East, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against NATIONAL PROCESSING ALLIANCE, INC. ("Defendant" or "NPA") for unpaid overtime compensation and hereby states as follows:

### INTRODUCTION

1. Plaintiff worked as a computer/technology based employee for Defendant.

2. During Plaintiff's last week of employment, Plaintiff worked in excess of forty (40) hours.

3. Defendant admittedly maintains a companywide policy that, during an employee's last week(s) of employment, the employee is paid only at minimum wage, and not the employee's regular rate of pay, and any overtime worked by each employee is paid at time and one half minimum wage, not the employee's regular rate of pay as defined by the FLSA.

1

4. After Plaintiff's termination, Plaintiff was paid Florida's minimum wage for his straight time hours, and not his regular rate of pay with Defendant, was paid time and one half Florida's minimum wage for his overtime hours worked, instead, of being paid overtime at his regular rate of pay as the FLSA requires.

5. Plaintiff brings this lawsuit on behalf of himself and all other similarly-situated former employees of Defendant, who: (a) during their final weeks of work for Defendant worked overtime hours; (b) had their hourly rate reduced to minimum wage by Defendant; and (c) were paid overtime based on time and one half minimum wage, and not their regular rate of pay, resulting in a shortage of overtime compensation.

6. This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiff and other similarly-situated employees.

7. Plaintiff will seek conditional certification and notice to an opt-in class of hourly paid laborers pursuant to the FLSA, 29 U.S.C. § 216(b), who were employed by Defendant during the three-year period preceding the filing of this action (hereinafter, "Relevant Liability Period").

**JURISDICTION AND VENUE**

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant provides services in this District and is thus considered a resident of this District. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

## PARTIES

10. Plaintiff is an adult resident of Florida and was employed by Defendant as an hourly paid computer/technology employee from approximately June 6, 2017, until June 10, 2017, working for Defendant in Fort Lauderdale, Florida.

11. During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA.

12. During the Relevant Liability Period, Defendant failed to pay Plaintiff time and one half, his regular rate of pay, for hours worked in excess of forty per week.

13. Defendant is a foreign profit corporation with its principal place of business in Fort Lauderdale, Florida.

14. Defendant is a covered employer within the meaning of the FLSA, and during the Relevant Liability Period, Defendant employed Plaintiff and other similarly situated employees.

15. During the Relevant Liability Period, Defendant has employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

16. During the Relevant Liability Period, Defendant has achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

## **FACTUAL ALLEGATIONS**

17. Plaintiff, and those similarly situated, are not exempt from the overtime provisions of the FLSA and are paid on an hourly basis.

18. Defendant has, and continues to fail to, pay Plaintiff and the putative class proper overtime compensation, by reducing their regular rate of pay to minimum wage in final weeks worked, and improperly paying overtime compensation based on minimum wage, rather than the employee's regular rate of pay as defined by the FLSA.

19. In sum, Plaintiff and the putative class worked over forty (40) hours in their final weeks of work for Defendant, but were not paid full and proper overtime wages for all of that work, as required by the FLSA.

20. Defendant's policy artificially reduces employees' regular rate of pay to avoid the full and complete payment of overtime compensation as required by the FLSA.

21. The FLSA provides that no covered employee shall be employed "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

22. The FLSA further provides that overtime rates cannot be avoided by manipulating the pay for regular hours or otherwise reducing the pay for regular hours to make up for the 150% overtime rate that will have to be paid. *See* 29 C.F.R. § 778.500.

23. Defendant was aware that its pay practices were illegal, and chose to deny employees overtime compensation for performing work in willful disregard of their rights under the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiff re-alleges and incorporates by reference the preceding paragraphs through 23.

25. Plaintiff brings Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following:

> All former employees of Defendant during the last three (3) years preceding the filing of this Complaint who: (a) during their final week(s) of work for Defendant worked overtime hours; (b) had their hourly rate reduced to minimum wage by Defendant; and (c) were paid overtime based on time and one half minimum wage, and not their regular rate of pay, resulting in a shortage of overtime compensation.

26. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

27. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's policies and practices of failing to pay full and proper overtime compensation.

28. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential

class members may easily and quickly be notified of the pendency of this action.

## COUNT I

## FAILURE TO PAY OVERTIME COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE FLSA RELEVANT LIABILITY PERIOD

29. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 28 with respect to all hourly paid laborers.

30. During the FLSA Relevant Liability Period, Defendant failed to fully compensate employees for hours worked for Defendant in excess of forty (40) per week as required by Section 207 of the FLSA.

31. Defendant's employees were victims of an illegal policy and plan by Defendant to deny them full and proper overtime compensation required by the FLSA.

32. Defendant's failure to pay hourly paid laborers in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

33. Plaintiff, on behalf of himself and other hourly paid laborers, seeks unpaid overtime compensation in an amount to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of all hourly paid laborers, demands judgment against Defendant and prays this Court:

a. Issue notice to all former employees who were employed by Defendant at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

b. Declare Defendant's policy of not paying former employees' full and proper overtime compensation, illegal under the FLSA;

c. Find that Defendant's violation of the FLSA was willful and impose a three- year statute of limitations period for FLSA claims;

d. Award Plaintiff and all former employees full unpaid overtime compensation;

e. Award all former employees an amount equal to unpaid overtime compensation as liquidated damages under 29 U.S.C. § 216(b);

f. Award all former employees pre-judgment interest if liquidated damages are not awarded;

g. Award all former employees post-judgment interest as provided by law;

h. Award all former employees reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

i. Award all former employees such other relief as the Court deems fair and equitable.

## **JURY DEMAND**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 15th day of May 2017.

**/s/Richard Celler**
Richard Celler, Esq.
Florida Bar No.: 0173370
Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Richard@floridaovertimelawyer.com